**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:25cv60124**

**SHANTERRYA STYLES,**

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC,**
**EQUIFAX INFORMATION SERVICES LLC,**
and **TRANS UNION LLC.**

      Defendants.

_____/

**COMPLAINT**

Plaintiff Shanterrya Styles ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, Defendant Trans Union LLC (collectively, the "Defendants) for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.     Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.     Defendant Trans Union LLC ("TransUnion") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

**<u>DEMAND FOR JURY TRIAL</u>**

7.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**<u>ALLEGATIONS</u>**

8.     On a date better known by Defendants, erroneous and inaccurate information was recorded on Plaintiff credit reports. The erroneous accounts and other inaccuracies reported on Plaintiff's credit reports include, but are not limited to, a Commonwealth Finance account, a UCB Collections account, a Wakefield and Associates account, a Navient account, an erroneous social security number, incorrect addresses, incorrect names, and incorrect phone numbers (collectively, the "Subject Accounts").

9.     The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In an attempt to correct the Subject Accounts, Plaintiff prepared, signed, and mailed, multiple written disputes to Equifax, TransUnion, and Experian. As set forth below, however, despite Plaintiff's best efforts, Equifax, Experian, and TransUnion, refused to process Plaintiff's disputes and otherwise failed conduct a reasonable investigation into the Subject Disputes, thereby necessitating the commencement of the above-captioned action.

**<u>EXPERIAN</u>**

10.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

11.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

12.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

13.     On February 13, 2023, Plaintiff sent Experian a written dispute (the "First Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate.  I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate.  I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate.  I never opened an account with Navient."

14.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

15.     Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

16.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

17.     On July 24, 2023, Plaintiff sent Experian a written dispute (the "Second Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that [1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient."

18.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

19.     Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

20.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

21.     On September 18, 2023, Plaintiff sent Experian a written dispute (the "Third Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that [1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient."

22.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

23.     Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

24.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

25.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a

recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

26.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

27.     Experian failed to conduct a reasonable investigation.

28.     Experian failed to review and consider all relevant information submitted by Plaintiff.

29.     Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

30.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Experian failed to correct the information.

31.     Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

32.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

33.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

34.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## EQUIFAX

35.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

36.     Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

37.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

38.     On February 13, 2023, Plaintiff sent Equifax a written dispute (the "First Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; - [4] The Commonwealth account that appears on my report does not belong to me because I never did any business with Commonwealth on or around the date this account is listed as being opened. As such, I dispute this account and demand validation of this debt; [5] The Revco account that appears on my report does not belong to me because I never did any business with Revco on or around the date this account is listed as being opened. As such, I dispute this account and demand validation of this debt; [6] The Wakefield account that appears on my report does not belong to me because I never did any business with Wakefield on or around the date this account is listed as being opened. As such, I dispute this account and demand validation of this debt."

39.    Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

40.    Despite receiving Plaintiff's First Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

41.    Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

42.    On July 24, 2023, Plaintiff sent Equifax a written dispute (the "Second Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient. [9] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections."

43.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

44.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

45.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

46.     On September 18, 2023, Plaintiff sent Equifax a written dispute (the "Third Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance.[6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient. [9] The United Collection Bureau account that appears on my report does not belong to me because I never did any business with United Collection Bureau on or around the date this account is listed as being opened. As such, I dispute this account and demand validation of this debt."

47.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

48.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

49.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

50.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

51.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

52.     Equifax failed to conduct a reasonable investigation.

53.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

54.     Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Equifax).

55.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Equifax failed to correct the information.

56.     Equifax's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Equifax's failure to

establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

57.   Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, choose to parrot the information it (Equifax) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

58.   Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

59.   Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

<u>**TRANSUNION**</u>

60.   TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

61.   TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

62.   TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

63.   On February 13, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts (the "First TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social

security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient. [9] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections."

64.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

65.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

66.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

67.     On July 24, 2023, Plaintiff sent TransUnion a written dispute ("the Second TransUnion Dispute") regarding the Subject Accounts , whereby Plaintiff stated, in relevant part, that "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the

attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient. [9] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections."

68.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to conduct any independent investigation into the accuracy of Plaintiff's credit report.

69.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

70.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

71.     On September 18, 2023, Plaintiff sent TransUnion a written dispute ("the Third TransUnion Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that, "[1] My first name is Shanterrya. My middle name is Latonya. My last name is Styles. All other versions of my name and each AKA that appears on my credit report are wrong. Please correct my report to only reflect my full name; [2] My current address is 930 NE 51st Street, Pompano Beach, Florida 33064. Please correct my report to reflect this as my current address; [3] My current phone number is 954-825-7863. Please correct my report to reflect this phone number; [4] My social security number is listed incorrectly. My correct social is listed above and on the attached copy of my social security card; [5] The Commonwealth Finance accounts opened on 09-

07-2022, and 03-29-22 are inaccurate, I have never opened any accounts with Commonwealth Finance. [6] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections. [7] The Wakefield and Associates accounts opened on 05-27-19, 03-27-20, 08-28-20 and 10-26-21 are inaccurate. I have never opened any accounts with Wakefield and Associates. [8] The Navient account opened 02-25-09 is inaccurate. I never opened an account with Navient. [9] The UCB Collections account opened on 05-19-202 is inaccurate. I have never opened an account with UCB Collections."

72.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to conduct any independent investigation into the accuracy of Plaintiff's credit report.

73.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

74.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

75.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

76.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

77.     TransUnion failed to conduct a reasonable investigation.

78.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

79.     TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

80.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, TransUnion failed to correct the information.

81.     TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

82.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

83.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

84.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

85.     Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

86.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

87.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

88.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

89.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

90.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

91.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

92.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

93.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

94.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

95.     Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

96.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

97.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

98.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

99.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

100.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

101.    The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

102.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

103.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT
(against Experian)

105.    Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

106.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

107.    Despite receiving Plaintiff's three (3) disputes, Experian failed to notify Plaintiff that Experian deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

108.     The conduct, action and inaction of Experian was negligent or willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

109.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

110.     Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 35-59 of this Complaint.

111.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

112.     Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

113.     Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

114.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a

reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

115. The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

116. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

117. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

118. As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

119. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Equifax)

120.     Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 35-59 of this Complaint.

121.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

122.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

123.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

124.     Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

125.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request

by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

126.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

127.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

128.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

129.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT**
(against Equifax)

130.    Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 35-59 of this Complaint.

131.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

132.    Despite receiving Plaintiff's three (3) disputes, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

133.    The conduct, action and inaction of Equifax was negligent or willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

134.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

135.    Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 60-84 of this Complaint.

136.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

137. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

138. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

139. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

140. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

141.     Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

142.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

143.     As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

144.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

145.     Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 60-84 of this Complaint.

146.     On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

147.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

148.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

149.    Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

150.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

151.    The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

152.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

153.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

154.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT**
**(**against TransUnion**)**

155.    Plaintiff incorporates by reference ¶¶ 8-9 and ¶¶ 60-84 of this Complaint.

156.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

157.    Despite receiving Plaintiff's three (3) disputes, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's three (3) disputes as irrelevant and/or frivolous.

158.    The conduct, action and inaction of TransUnion was negligent or willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

159.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: January 21, 2025

Respectfully Submitted,

  /s/ Thomas Patti                              .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*