UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-60124-RS

**SHANTERRYA STYLES,**

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC, EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC,**

    Defendants.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Shanterrya Styles and Defendants Experian Information Solutions Inc, Equifax Information Services LLC, and Trans Union LLC (collectively, the "Parties") submit this Joint Scheduling Report and request that this case be assigned a *standard* Case Management Track.

## CONFERENCE REPORT

(A)    LIKELIHOOD OF SETTLEMENT

The Parties agree to keep settlement discussions open. Settlement is likely.

(B)    LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The Parties do not anticipate the appearance of any additional plaintiffs or defendants.

(C)(i)  PROPOSED DEADLINE TO AMEND OR JOIN ADDITIONAL PARTIES

The Parties propose: 04/26/25

(C)(ii)  PROPOSED DEADLINE TO FILE DISPOSITIVE MOTIONS

The Parties propose: 12/22/25

(C)(iii) PROPOSED DEADLINE FOR COMPLETION OF DISCOVERY

    The Parties propose: 10/23/25

(D)    <u>PROPOSALS FOR THE FORMULATION AND SIMPLIFICATIONS OF ISSUES</u>

The Parties agree to cooperate in trying to simplify the issues through discovery.

(E)    <u>LIKELIHOOD OF AMENDMENTS TO THE PLEADINGS</u>

The parties do not anticipate amendment the pleadings.

(F)    <u>POSSIBILITY OF FACTUAL AND/OR DOCUMENT ADMISSION(S) TO AVOID UNNECESSARY PROOF</u>

The Parties will seek and obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

(G)    <u>SUGGESTIONS OF THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE</u>

The Parties shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

(H)    <u>REFERRING MATTERS TO A MAGISTRATE JUDGE</u>

The Parties agree to referring discovery disputes and other non-dispositive matters, such as motions for attorneys' fees, to a Magistrate Judge.

(I)    <u>ESTIMATE OF THE TIME REQUIRED FOR TRIAL</u>

The Parties believe that trial will take 3-4 days.

(J)    <u>REQUESTED DATE FINAL PRETRIAL CONFERENCE AND TRIAL</u>

The Parties request that the final pretrial conference be scheduled for 5/1/26, with the two-week trial period beginning on 5/11/26

(K)    <u>ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT</u>

None.

**DISCOVERY PLAN**

(A)     TIMING, FORM, AND/OR REQUIREMENT OF RULE 26(A) DISCLOSURES

The Parties agree to serve initial disclosures by March 28, 2025.

(B)     DISCOVERY SUBJECTS, COMPLETION DATE, AND/OR LIMITATIONS

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The Parties do not believe discovery should be conducted in phases or limited to particular issues.

Equifax's Discovery: Equifax will seek discovery of materials related to (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction of Equifax; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Equifax; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate the alleged damages; (g) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (h) any discovery necessitated by pleadings and other discovery. This may include propounding written discovery which may include interrogatories, requests for admissions, requests for productions of documents, and third party subpoenas and taking depositions.

Experian will seek discovery on the following subjects:

1. Whether Plaintiff has stated any claims upon which relief may be granted;

2. Whether any consumer report prepared by Experian contained any inaccuracy;

3. Whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file;

4. Whether any reinvestigation conducted by Experian violated the FCRA;

5. Whether Plaintiff has established a claim against Experian for negligent noncompliance with the FCRA;

6. Whether Plaintiff has established a claim against Experian for willful noncompliance with the FCRA;

7. Whether Plaintiff suffered any damage as a result of any actions or inactions of Experian;

8. Whether any causal links exist between Experian's alleged actions or inactions and Plaintiff's alleged damages;

9. Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

10. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

11. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

12. Whether any party is entitled to costs or attorneys' fees.

Trans Union will seek discovery of materials related to (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Trans Union; (f) Plaintiff's failure to mitigate their damages; (g) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (h) any discovery necessitated by pleadings and other discovery.

(C)  ISSUES CONCERNING ELECTRONICALLY STORED INFORMATION

The Parties will produce documents in electronic format, specifically, .PDF.

(D)  ISSUES CONCERNING DISCLOSURE OF PRIVILEGED INFORMATION

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.

If the parties agree concerning the need for and scope and form of a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

(E)  CHANGES AND LIMITATIONS ON DISCOVERY

The Parties do not seek any changes to the limitations on discovery imposed by the Rules.

(F)  NEED FOR ORDERS WITH RESPECT TO RULE 26(c), RULES 16(b) AND (c)

None.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Respectfully Submitted,


 /s/ Thomas J. Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: tom@pzlg.legal
**VICTOR ZABALETA, ESQ**
Florida Bar No. 11851
E-mail: victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone: 561-542-855

*COUNSEL FOR PLAINTIFF*

/s/ Christian C. Kohlsaat
**CHRISTIAN C. KOHLSAAT, ESQ.**
Florida Bar No. 117795
BUCHANAN INGERSOLL & ROONEY PC One Biscayne Tower
2 S. Biscayne Blvd, Ste. 1500 Miami, FL 33131-1822
T:305-347-4080
F:305-347-4089
Email: christian.kohlsaat@bipc.com  Patricia.delgado@bipc.com

*COUNSEL FOR DEFENDANT TRANS UNION LLC*

/s/ Maria Helena Ruiz
**MARIA HELENA RUIZ, ESQ.**
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
USA
786-587-1044 Fax: 305-675-2601
Email: Mruiz@kasowitz.Com

*COUNSEL FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.*

/s/ Jason Daniel Joffe
**JASON DANIEL JOFFE, ESQ.**
LEAD ATTORNEY; ATTORNEY TO NOTICED
SQUIRESANDERS&DEMPSEYLLP
200 S Biscayne Boulevard 40th Floor
Miami,FL33131-2398

USA
Phone: (305) 577-7000
Fax: (305) 577-7001 Email:Jason.Joffe@squirepb.Com

*COUNSEL FOR DEFENDANT EQUIFAX INFORMATION SERVICES LLC*